IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEROME DAVIS,** | ) | **CASE NO. 1:14 CV 324** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **FRITO-LAY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Jerome Davis filed the above-captioned action against his former employer, Frito-Lay. In the complaint, plaintiff alleges he was subjected to discrimination, retaliation and harassment which led to his termination from his employment. He seeks reinstatement to his job, with return of his seniority. He indicates if Frito-Lay will not rehire him, he "will exercise [his] right to sue." (ECF No. 1 at 2).

Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (ECF No. 2). That Motion is granted.

**Factual and Procedural Background**

Plaintiff was hired by Frito-Lay in 1998. He states in that same year, he was "smacked by the acting supervisor." (ECF No. 1 at 2). He contends the management of the company asked him to accept the supervisor's apology, which he did in lieu of making a record of the incident. In 1999 or 2000 a fellow employee called him a racially derogatory term. He reported

the incident.

Plaintiff alleges his job was "bid out from under [him]" in 2003. He states this was not supposed to occur because he was hired through the Ohio Unemployment training programs. He was terminated in 2004 because he failed to keep up with production. He claims that was not part of the union's agreement with management, and he was reinstated in 2006.

He claims incidents of harassment and retaliation began to occur in 2010. The first incident occurred on February 15, 2010. Plaintiff alleges his shift supervisor "Dave" informed everyone that "Brian would be doing [the] totes." (ECF No. 1-2 at 1). Plaintiff contends that Dave has a quiet voice and he did not hear this instruction. He did not ask Dave to repeat the comment because "he hisses and sighs, so frankly we were not doing it this day." (ECF No. 1-2 at 1). Brian saw plaintiff take his totes and reminded plaintiff that he was supposed to be doing the totes that day. Plaintiff informed Brian that he had not heard the instruction and would not allow Brian to take his totes. Brian notified management and they instructed plaintiff to allow Brian to do the totes. He states that Dave became angry when he learned plaintiff blamed his error on Dave's quiet voice. At the staff meeting the following day, he looked at plaintiff and said, "For those of you who have a hearing problem and a problem with understanding and comprehending, let me know so I can repeat myself." (ECF No. 1-2 at 1). Plaintiff alleges Dave used foul language when expressing his anger at the situation. Plaintiff contends he became upset and told Dave he "was not going to take his shit." He indicates Dave responded by telling him to wait until Monday because they "were going to have a f***ing meeting about this." (ECF No. 1-2 at 2). He alleges he was suspended that Monday for using foul language, while Dave was not disciplined for the same offense.

Another incident occurred on March 19, 2010. Plaintiff claims he was working in zones two

and three at 4:30 p.m. One of his co-workers came to him and pointed out that plaintiff was 200 totes behind the rest of the workers. The co-worker asked him to speed up his work so they could all go home. Plaintiff states he reminded the co-worker that he was not a supervisor and told him "to get the hell out of my face." (ECF No. 1-2 at 3). His co-worker then told plaintiff he was going to try to get plaintiff reassigned because no one in that division wanted him there. Plaintiff again asked him to "get out of my face" to which the co-worker replied, "I'm still here." (ECF No. 1-2 at 3). An argument ensued in which the co-worker allegedly informed plaintiff that he was "Buddy's eyes and ears" in the plant. At that point, plaintiff began screaming. Brian showed up and plaintiff stopped screaming only long enough to demand to speak to Buddy. As the screaming continued, Dave came over and plaintiff again stopped screaming only long enough to demand to speak to Buddy. Dave left as plaintiff continued to scream and returned with Buddy. Plaintiff explained the incident to Buddy who told both of the employees to get back to work and try to get along.

Plaintiff attaches one other incident report. There is no indication of the date this incident occurred. He claims that at 10:45 p.m. one of his co-workers drove over to him on the forklift. The forklift's headlights were on. Plaintiff found the lights were shining into his eyes and asked the co-worker to turn them off. Instead, the co-worker drove off with the lights on. He returned later and began to talk to another co-worker. Plaintiff again asked him to turn off the headlights. The co-worker turned off the lights and indicated to Plaintiff he had been asked to come over to help the Plaintiff. Both employees returned to work.

Plaintiff indicates he was suspended in 2012 and sent to anger management classes while the "initiator" was not reprimanded. He alleges he was fired in February 2013 for taking a telephone call from his wife in the warehouse. He states the Operations Manager was showing

-3-

pornography on his phone but was not terminated. He does not indicate a specific cause of action he intends to assert; however, he states he is filing a complaint against his former employer for discrimination, retaliation and harassment. Plaintiff states he wants his job back along with seniority.

## Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the

light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## Discussion

Although plaintiff does not list a cause of action he intends to pursue, it is possible from the allegations in the complaint that he is attempting to assert a claim under Title VII, which makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). The court is aware that, at this stage, plaintiff is not required to plead his discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513–14 (2002). Nevertheless, after *Swierkiewicz*, the Supreme Court clarified that a plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 550 U.S. at 678. Recently, the Sixth Circuit explored the scope of *Twombly* and *Iqbal* noting that "even though a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the complaint are true." *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555.)

Plaintiff's complaint never rises above the speculative level. Title VII is not "a general civility code for the American workplace." *Burnett v. Tyco Corp.*, 203 F.3d 980, 982 (6th Cir. 2000)(quoting *Oncale v. Sundowner Offshore Services, Inc*, 533 U.S. 75, 80 (1998)). The critical question in this analysis is whether the discrimination or retaliation were motivated by one of the

classifications protected by Title VII. Plaintiff states a co-worker referred to him by a racially derogatory term in 1999 or 2000, but he does not allege any other incidents in which his race was mentioned. The other incidents mentioned by plaintiff describe mutual altercations between Plaintiff, his co-workers and his immediate supervisor. He was suspended twice and required to attend anger management classes. He alleges he was fired for taking a call from his wife in the warehouse. Plaintiff does not provide allegations which suggest race, color, religion, sex, or national origin were factors in these action. The court is left to guess at which of these factors he believes motivated his termination and what factual allegations support his assertion. This is not sufficient to cross the threshold of basic pleading requirements in federal court. See FED. R. CIV. P 8 (complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations."); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept unwarranted factual inferences).

Similarly, while he asserts the defendants retaliated against him, he does not allege sufficient facts to state a plausible claim for retaliation. Title VII makes it unlawful for an employer "to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, plaintiff must allege: (1) he engaged in activity protected under Title VII; (2) his exercise of his protected rights was known to the defendant; (3) an adverse employment action was subsequently taken against him or he was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Fuhr v. Hazel Park School Dist.*, 710 F.3d 668, 674

-76 (6th Cir. 2013). Again, although plaintiff is not required to plead his discrimination claim with heightened specificity, *see Swierkiewicz*, 534 U.S. at 513-14, he must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Here, plaintiff does not allege facts to suggest the defendant retaliated against him in a manner proscribed by Title VII. He claims he was fired in 2004 for failing to keep up with production but was reinstated. He does not indicate that he pursued an action against him employer under Title VII to obtain reinstatement. Furthermore, he does not allege facts to plausibly suggest there is a connection between this action taken in 2004, and the three incidents which occurred in 2010 and 2012. He failed to state a claim for retaliation under Title VII.

Finally, to the extent plaintiff was attempting to assert a claim other than one under Title VII, he failed to do so. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against

-7-

them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state other federal claim or claims upon which plaintiff intends to base his action.

### Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2014

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.